[Civ. No. 4248.  Second Appellate District, Division One.—November 20, 1924.]

WARREN WILLIAMS et al., Respondents, v. MRS. MARIE FOSS, as Executrix, etc., Appellant.

[1] APPEAL — SPECIFIC PERFORMANCE — RECORD. — Where an appellant, claiming that a complaint for specific performance is insufficient in that it fails to state the value of land which she agreed to convey to respondent, prints in her brief the paragraph of the complaint dealing with the adequacy of the consideration to her, and states that said paragraph embodies the real essence of the entire complaint and that she desires to present no other point, an objection by respondents that appellant has not set out in her brief enough of the record, which consists only of a typewritten copy of the judgment-roll, to comply with the rule stated in section 953c of the Code of Civil Procedure will not be sustained.

[2] SPECIFIC PERFORMANCE — PLEADING — CONSIDERATION — VALUE OF LAND.—A complaint which fails to state the value of the property which defendant's testate agreed to convey to plaintiffs fails to state a cause of action for specific performance.

[3] ID.—EQUITY—PLEADING—CONSIDERATION—VALUE.—In an action for specific performance, it is incumbent on the plaintiff to state such facts as will enable the court to decide whether the contract is of such character that it would not be inequitable to enforce it. One of these facts, and a most important one, is the value of the property to be conveyed as compared with the value of the consideration to be given therefor.

[4] ID.—JUDGMENT ON DEFAULT—TAKING OF EVIDENCE—APPEAL.—A judgment on default after demurrer overruled, in favor of parties asking for specific performance, will be reversed where such judgment rests on a complaint which fails to state a cause of action, the default admitting nothing more than was alleged in the complaint; and, under such circumstances, the fact that before entering the judgment the court received some evidence, does not put the case on the basis of an action tried upon complaint and answer, wherein the court hears evidence relating to an essential fact which had been omitted from the complaint.

(1) 3 C. J., p. 1409, sec. 1584.   (2) 36 Cyc., p. 776.   (3) 36 Cyc., p. 776.   (4) 34 C. J., p. 154, sec. 363.

2.  See 25 R. C. L. 330.
4.  See 15 R. C. L. 667, 668; 14 Cal. Jur. 887.
    69 Cal. App.—45

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank R. Willis, Judge. Reversed.

The facts are stated in the opinion of the court.

Denio & Hart for Appellant.

Burr A. Brown for Respondents.

CONREY, P. J.—This is an appeal from a judgment entered against defendant, after demurrer of defendant to the amended complaint had been overruled and defendant had refused to answer. The demurrer was general, on the sole ground that the complaint did not state facts sufficient to constitute a cause of action.

The only point involved in the action which appellant offers to present for consideration is that, as she claims, paragraph four of the amended complaint is not sufficient to comply with the rule that before specific performance can be enforced against a party to a contract, it must be made to appear that he has received an adequate consideration for the contract, and that it is as to him just and reasonable. (Civ. Code, sec. 3391.) The particular fact which appellant relies upon to support her appeal is that the complaint did not contain any allegation stating the value of the land which Mrs. Stevens agreed to convey to the plaintiffs; and, therefore, that the complaint fails to state facts whereby the court can determine whether or not the value of defendant's property was in reasonable proportion to the consideration to be paid therefor.

The amended complaint in paragraph four reads as follows: "That the plaintiffs have performed all of the acts and made all of the payments therein required of them by the terms of said agreement at the times stated and in the manner specified, and have been, were and are now ready to carry out all of the terms of said agreement; that the consideration therein named, to-wit: $15,000, which the said plaintiffs agreed to pay for said property and to give in exchange therefor, was fair, adequate and reasonable at the time the said agreements were entered into; and that said Mrs. G. Stevens was not induced by said plaintiffs through

mistake, misrepresentation, undue influence, concealment, fraud or coercion to enter into and execute said agreements; that said agreements were, and are, just and equitable contracts as between the plaintiffs and said defendants.''

[1] Respondent suggests the fact that the record consists only of a typewritten copy of the judgment-roll, and claims that appellant has not set out in her brief enough of the record to comply with the rule stated in section 953c of the Code of Civil Procedure. In addition to printing in her brief said paragraph four of the complaint, appellant stated therein that said paragraph embodies the real essence of the entire complaint, and that she desired to present no other point than the one above stated. We assume that if there had been anything else in the complaint relating to the question at issue here, respondent would have stated that fact. Therefore we think that the objection to the brief should not be sustained.

[2] We are of the opinion that because of the failure of the complaint to state the value of the property which Mrs. Stevens agreed to convey, the complaint failed to state a cause of action for specific performance. To allege the value of the property of plaintiffs alone does not furnish any basis of comparison with the value of defendant's property any more than if the values on both sides of the contract had been omitted. There are many decisions of the supreme court on this subject. [3] They have definitely established the rule that it is incumbent on the plaintiff, in an action of this kind, to state such facts as will enable the court to decide whether the contract is of such character that it would not be inequitable to enforce it. One of these facts, and a most important one, is the value of the property to be conveyed as compared with the value of the consideration to be given therefor. (*White* v. *Sage,* 149 Cal. 613, 616 [87 Pac. 193]; *Joyce* v. *Tomasini,* 168 Cal. 234, 237 [142 Pac. 67]; *Baker* v. *Miller,* 190 Cal. 263, 267 [212 Pac. 11].)

[4] Since this was a judgment on default, after demurrer overruled, and rests on a complaint which fails to state a cause of action, such judgment must be reversed. The default admitted nothing more than was alleged in the complaint. Under such circumstances, the fact that before entering the judgment the court received some evidence does

not put the case on the basis of an action tried upon complaint and answer, wherein, as sometimes happens, the court hears evidence relating to an essential fact which had been omitted from the complaint. Thus in *Baker* v. *Miller, supra,* the supreme court affirmed the judgment because the case was actually tried upon the assumed issue of inadequacy of the consideration for the contract, although the complaint had failed to tender that issue. Here there was no trial, and the judgment lacks its necessary foundation, viz., a cause of action stated.

The judgment is reversed.

Houser, J., and Curtis, J., concurred.