LOU ROSE, JR., et al., Plaintiffs and Respondents, v. BETTYE G. LAWTON, Defendant and Appellant.

John R. Forde, Jr., and Louis T. Deane, Jr., for Defendant and Appellant.

Carl B. Noecker, Douglas G. Cowan and Cowan & Stone for Plaintiffs and Respondents.

AGEE, J.—Plaintiffs obtained a default judgment following the failure of defendant to appear or answer within the time prescribed by law. (Code Civ. Proc., § 407.) Defendant appeals from the judgment and from the order denying her motion to set it aside.

The action is one for specific performance of a written agreement wherein appellant agreed to sell and respondents agreed to buy a house for $25,500. Respondents also sought damages resulting from appellant's failure to perform.

The judgment ordered appellant to perform the agreement and awarded respondents damages in an amount to be fixed after receipt of the report of a commissioner appointed by the court to perform certain duties and obtain certain information.

The complaint did not state a cause of action in specific performance because it did not allege that appellant had "received an adequate consideration for the contract" or that the contract was, as to her, "just and reasonable." (Civ. Code, § 3391, subds. 1, 2; *Foley* v. *Cowan* (1947) 80 Cal.App.2d 70, 74 [181 P.2d 410]; *Mayer* v. *Beondo* (1948) 83 Cal.App.2d 665, 667-668 [189 P.2d 327, 190 P.2d 23]; *Baran* v. *Goldberg* (1948) 86 Cal.App.2d 506, 509 [194 P.2d 765]; *Mackay* v. *Whitaker* (1953) 116 Cal.App.2d 504, 509 [253 P.2d 1021].)

This being so, respondents were not entitled to a judgment for specific performance even though it was taken by default and even though some evidence was introduced at a hearing before the court held prior to the entry of judgment.

In *Williams* v. *Foss*, 69 Cal.App. 705 [231 P. 766], it is stated at pages 707-708: "Since this was a judgment on default, after demurrer overruled, and rests on a complaint which fails to state a cause of action, such judgment must be reversed. *The default admitted nothing more than was alleged in the complaint.* Under such circumstances, the fact that before entering the judgment the court received some evidence does not put the case on the basis of an action tried upon complaint and answer, wherein, as sometimes happens, the court hears evidence relating to an essential fact which had been omitted from the complaint." (Italics ours.)

*Buck* v. *Morrossis*, 114 Cal.App.2d 461 [250 P.2d 270], also involves a default judgment which was attacked by defendant on the ground that the complaint did not state a cause of action. The court stated, at page 466: "[E]ven a default-

ing party may challenge the sufficiency of a complaint, because the default only admits those facts that are well pleaded. (*Williams* v. *Foss,* 69 Cal.App. 705 [231 P. 766].)'' *Taliaferro* v. *Taliaferro,* 171 Cal.App.2d 1, 8 [339 P.2d 594], is to the same effect.

The rule is clearly stated in 2 Witkin, California Procedure, page 1701, as follows: ''The defendant who fails to answer admits only facts which are well pleaded. If the complaint fails to state a cause of action or the allegations do not support the demand for relief, the plaintiff is no more entitled to that relief by default judgment than he would be if the defendant had expressly admitted all of the allegations. Such a default judgment is erroneous, and will be reversed on appeal.''

Respondents argue that the failure of the complaint to state a cause of action must be raised before the trial court, citing *Drullinger* v. *Erskine,* 71 Cal.App.2d 492 [163 P.2d 48]. There the complaint was defective in the same respects as in the complaint in the instant action *but* the defendant in that action answered and went to trial. The opinion states the situation, as follows: ''The issue of adequacy of consideration *was conceded* by the conduct of the defendants at the trial. The court adopted findings to the effect that the agreed purchase price was adequate. . . . It is ordinarily true that a complaint for specific performance of a contract to purchase real property should allege facts showing adequacy of consideration and fairness of the transaction. [Citation.] But, *when those issues are tendered at the trial by consent of the parties* and the court adopts findings thereon which are reasonably supported by the evidence, the defendant is not prejudiced by the omission to specifically allege such facts, . . .'' (Italics ours.) (See 2 Witkin, California Procedure, Pleading, § 487, p. 1475, for analysis of the ''theory of the case'' rule.)

Appellant's default made findings unnecessary in the instant case but the fact remains that such default only confesses the truth of the allegations which are contained in the complaint. (28 Cal.Jur.2d 644.) An express finding that all of the allegations of the complaint are true would not affect the issue involved herein.

Respondents complain that appellant had an opportunity to present this issue to the lower court when she moved to set aside the default judgment but did not do so. However, this is an issue which may be raised for the first time

on appeal. As stated in *Moen* v. *Art's Cafe,* 95 Cal.App.2d 577, 579-580 [213 P.2d 393] : "The contention is made by plaintiff that the sufficiency of the complaint cannot be questioned for the first time on appeal. However, the objection that the complaint does not state facts sufficient to constitute a cause of action is an exception to the rule." Again, in *Halbert* v. *Berlinger,* 127 Cal.App.2d 6, 15 [273 P.2d 274], it is said: "There is no merit in respondents' contention that this point [failure of complaint to state a cause of action] was not raised in the trial court and cannot be raised for the first time on appeal." (See also: 3 Cal.Jur.2d, Appeal and Error, § 141, p. 605.)

As in *Williams* v. *Foss, supra,* the defective complaint precludes the granting of specific performance herein.

One paragraph of respondents' complaint alleges that "because of defendant's refusal to perform said agreement and her withholding of possession," respondents sustained damages incidental thereto. As stated above, damages were awarded in an amount to be fixed at a later time by the court. This portion of the judgment must also be reversed.

"There can be no award for damages incidental to a decree of specific performance where no cause of action for specific performance is established." (45 Cal.Jur.2d, Specific Performance, § 86, p. 380.) As stated in *Gilbert* v. *Mercer* (1960) 179 Cal.App.2d 29, 31 [3 Cal.Rptr. 456] : "Since the finding of inadequacy of consideration alone will support the judgment for the defendants, this court deems it unnecessary to consider other findings or matters as to evidence which have no relation to and cannot affect that finding. [Citations.] Plaintiff was not entitled to damages. Such relief is incidental to a decree of specific performance and cannot be given where no cause of action for specific performance is established." (See also: *Baran* v. *Goldberg* (1948) 86 Cal. App.2d 506, 511 [194 P.2d 765] ; *Christensen* v. *Slawter* (1959) 173 Cal.App.2d 325, 333 [343 P.2d 341, 74 A.L.R.2d 567].)

The judgment is reversed and the appeal from the order denying appellant's motion to set aside said judgment is dismissed as being moot. Appellant to recover her costs on appeal.

Kaufman, P. J., and Shoemaker, J., concurred.