[Civ. Nos. 48339, 49044. Second Dist., Div. Five. June 15, 1977.]

ROBERT C. VASEY, Plaintiff and Respondent, v.
CALIFORNIA DANCE COMPANY, INC., et al.,
Defendants and Appellants.

**COUNSEL**

Geffner & Mannis, Joseph Mannis, Stern, Hanessian, Clarke & Stambul, Richard A. Stambul and Leslie J. Garber for Defendants and Appellants.

Harris Sluyter for Plaintiff and Respondent.

## OPINION

HASTINGS, J.—In two consolidated appeals, defendants California Dance Company, an Illinois corporation (CDC), Gerald Rance, an individual (Rance), and Alan E. Edelstein, an individual (Edelstein), appeal from default judgments against them in unlawful detainer proceedings. Defendants also appeal from an order of the trial court denying their motion to vacate and set aside the default and default judgment.

In December of 1973, plaintiff-respondent Robert C. Vasey (Vasey) leased certain property to appellant CDC at a monthly rental of $1,500. At the time the complaint was filed in May of 1975, CDC was in default on the payment of rent for three months.

On May 15, 1975, Vasey's counsel personally served a three-day notice to pay rent or quit on Miss I. Novak, the manager of CDC's Van Nuys studio. On May 20, after receiving no response from CDC, Vasey filed a complaint in unlawful detainer naming CDC, Rance, Edelstein, and two other individuals as defendants.

The complaint alleged not only the default of rent and requisite service of the three-day notice, but also the breach of two other agreements: (1) an oral agreement pursuant to which respondent-lessor made certain alterations to the premises amounting to $5,864.36 for which CDC promised to pay; (2) an agreement, part oral and part written, pursuant to which respondent lessor made alterations to the premises costing $16,851.99 in reliance upon CDC's promise to fulfill its obligations under the lease.

The record regarding these agreements is very cloudy. A written addendum to the lease includes provisions regarding modifications and alterations to be made by the lessor. Those alterations are presumably the basis of the second agreement referred to in the complaint, but many of the essentials required for an agreement are missing.

In addition, the complaint alleged that any individuality and separateness of the corporation had ceased and that CDC was the alter ego of the individual defendants.

On June 5, 1975, a request to enter default was filed against appellants CDC and Rance. Judgment after default was entered on June 27, 1975.

On June 30, 1975, a request to enter default against appellant Edelstein was filed. Judgment after default was entered on September 17.

The judgment against each party, individually and separately, allowed the respondent-lessor the following:

(1) restitution of the premises;

(2) $6,000 unpaid rent plus interest;

(3) additional damages in the amount of $21,716.35;

(4) $1,500 for attorney's fees; and

(5) costs.

The judgment against appellants CDC and Rance also awarded the respondent the sum of $50 per day for each day after July 1, 1975, that defendants remained in possession.

On July 2, 1975, a notice of garnishment was served relating to funds on deposit in the name of CDC or Rance, and on July 8, 1975, the marshal placed respondent-lessor in possession of the premises.

## ISSUES

1. Does the scope of an unlawful detainer action allow inclusion of the breach of collateral contract claims and an award of damages therefor?

2. Was the court correct in awarding judgment against the individual defendants on an alter ego theory?

## DISCUSSION

1. ■ An unlawful detainer action is a summary proceeding, the primary purpose of which is to obtain the possession of real property in the situations specified by statute. (*Childs* v. *Eltinge*, 29 Cal.App.3d 843, 852-853 [105 Cal.Rptr. 864]; *Union Oil Co.* v. *Chandler*, 4 Cal.App.3d 716, 721 [84 Cal.Rptr. 756].) The statutory procedure must be strictly followed. (*Greene* v. *Municipal Court*, 51 Cal.App.3d 446, 450 [124 Cal.Rptr. 139].) ■ The sole issue before the court is the right to

possession; accordingly, a defendant is not permitted to file a cross-complaint or counterclaim and, "a defense normally permitted because it 'arises out of the subject matter' of the original suit is generally excluded . . . if such defense is extrinsic to the narrow issue of possession. . . ." (*Green* v. *Superior Court,* 10 Cal.3d 616, 632-633 [111 Cal.Rptr. 704, 517 P.2d 1168].) Nor may an unlawful detainer action be tried in conjunction with other causes or claims, except perhaps by mutual consent of the parties. (*Childs* v. *Eltinge, supra,* at pp. 852-853.) ■ Importantly, the defendant has only five days to respond to an unlawful detainer complaint instead of the usual thirty days. (Code Civ. Proc., § 1167.)[1] The denial of certain procedural rights which are enjoyed by litigants in ordinary actions is deemed necessary in order to prevent frustration of the summary proceedings by the introduction of delays and extraneous issues. (*Markham* v. *Fralick,* 2 Cal.2d 221, 227 [39 P.2d 804]; *Union Oil Co.* v. *Chandler, supra,* at p. 721.)

Quoting from *Ben Lomond Wine Co.* v. *Sladky,* 141 Cal. 619 [75 P. 332], the court in *Chase* v. *Peters,* 37 Cal.App. 358 [174 P. 116], stated that even where there is injury to a lessor resulting from breach of covenants under the lease, the lessor must resort to an ordinary action and cannot "take advantage of the summary proceeding designed solely to enable him to speedily recover possession." (*Id.,* at p. 362.) In *Chase,* an action in unlawful detainer was brought by the lessor against the lessee and the assignee of the latter for the recovery of the lease premises and for rent and taxes due under the lease. Judgment was rendered in favor of the plaintiff as prayed against both the lessee and his assignee. The judgment against the lessee was reversed because he was not a proper party to an unlawful detainer action, he having transferred possession of the property prior to the commencement of the action. As to the property taxes due under the lease, the judgment was reversed against both the lessee and assignee for two reasons: (1) the taxes were not damages accruing during the period of unlawful detention, and (2) the claim was based on breach of a covenant in the lease which is not within the scope of an unlawful detainer proceeding. As such, the cause of action for recovery of taxes could not be combined with the cause of action for rent and possession. (*Id.,* at p. 362.)

---

[1]An unlawful detainer summons calling for a response in five days is inappropriate for determining issues outside the scope of the unlawful detainer action and does not confer jurisdiction over the parties on those issues. (See *Greene* v. *Municipal Court, supra,* at p. 451.)

The reasons for such a restriction are clear. An unlawful detainer action is founded upon unlawful occupation and the principal relief sought is early possession of the property; damages and rent are incidental thereto and are recoverable only because the statute so provides.

In *Markham* v. *Fralick, supra,* 2 Cal.2d 221, 225-227, the lessor brought unlawful detainer proceedings against lessees who had surrendered possession of the premises after receiving the three-day notice. The court held that the action for recovery of the leased premises must fail because the tenants had surrendered possession; therefore, the lessor was precluded from prosecuting the action for the recovery of the rent and taxes due under the lease.

▪ It is well settled that damages allowed in unlawful detainer proceedings are only those which *result from* the unlawful detention and accrue during that time. (*Mihans* v. *Municipal Court,* 7 Cal.App.3d 479, 489 [87 Cal.Rptr. 17].) Although a lessee guilty of unlawful detention may have also breached the terms of the lease contract, damages resulting therefrom are not necessarily damages resulting from the unlawful detention. As such, he is precluded from litigating a cause of action for these breaches in unlawful detainer proceedings. A fortiori, a lessor is precluded from combining actions for breach of other contracts with such an action.[2]

The trial court in the instant case had jurisdiction in the unlawful detainer action but acted in excess of its jurisdiction in awarding damages of $21,716.35 which were not the result of the unlawful detention.

2. With the exception of the award of the above additional damages, there is no question as to the propriety of the judgment against the corporation. CDC was the party in possession and was properly served the requisite three-day notice.

▪ The liability of the individual defendants, however, is predicated upon disregard of the corporate entity by application of the alter ego

[2]The unlawful detainer proceeding is not a bar to a subsequent action for damages. (See 3 Witkin, Summary of Cal. Law (8th ed. 1973) Real Property, § 524, p. 2199.)

doctrine. It is unnecessary to decide whether, considering the shortened time to respond, the inclusion of an alter ego cause of action in an unlawful detainer proceeding violates the defendants' due process rights. Neither the allegations in the complaint nor the evidence presented to the court was sufficient to support the judgment against the individual defendants.

Respondent's complaint asserted a bare conclusory allegation that the individual and separate character of the corporation had ceased and that CDC was the alter ego of the individual defendants. Although by a default a defendant admits the allegations in the complaint, the defendant who fails to answer admits only facts which are well pleaded. (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 155, p. 2812.) " 'The allegation that a corporation is the *alter ego* of the individual stockholders is insufficient to justify the court in disregarding the corporate entity in the absence of allegations of facts from which it appears that justice cannot otherwise be accomplished.' " (*Meadows* v. *Emett & Chandler,* 99 Cal.App.2d 496, 498-499 [222 P.2d 145], citing *Norins Realty Co.* v. *Consolidated A. & T. G. Co.,* 80 Cal.App.2d 879, 883 [182 P.2d 593].)

█ In order to prevail in a cause of action against individual defendants based upon disregard of the corporate form, the plaintiff must plead and prove such a unity of interest and ownership that the separate personalities of the corporation and the individuals do not exist, and that an inequity will result if the corporate entity is treated as the sole actor. (*Arnold* v. *Browne,* 27 Cal.App.3d 386, 394 [103 Cal.Rptr. 775]; *Auer* v. *Frank,* 227 Cal.App.2d 396, 408 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108].) █ Respondent's pleadings and the evidence he presented at the default hearing fell far short of meeting these requirements.[3]

The judgments against appellant Edelstein and appellant Rance and the order denying the motion to vacate and set aside the judgment against the individual defendants are reversed. The order denying the motion to vacate and set aside the judgment against appellant California

---

[3]The evidence consisted of a financial statement of California Dance Company that at most raised some questions about the company's capitalization.

Dance Company is affirmed, but it is modified to eliminate the recovery of additional damages in the sum of $21,716.35.

Stephens, Acting P. J., and Ashby, J., concurred.

On July 15, 1977, the opinion was modified to read as printed above.