[No. B003674. Second Dist., Div. Five. May 9, 1985.]

NORTHROP CORPORATION, Plaintiff and Appellant, v.
CHAPARRAL ENERGY, INC., Defendant and Respondent.

COUNSEL

Rich & Ezer and Shelly Jay Shafron for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

OPINION

**ASHBY, Acting P. J.**—In this unlawful detainer proceeding, involving an industrial property, the trial court rendered summary judgment restoring possession to the landlord, appellant Northrop Corporation (Northrop). (Code Civ. Proc., §§ 1170.7, 1174.) Northrop appeals, however, from a

portion of the judgment which implies that the court ruled against Northrop on the issues of rent or money damages, to the possible prejudice of North-rop in other pending litigation between the parties. The tenant, respondent Chaparral Energy, Inc. (Chaparral), has not submitted a respondent's brief. (Cal. Rules of Court, rule 17(b).) We conclude the judgment should be modified as requested by appellant Northrop.

Northrop's predecessor in interest, Ford Motor Company (Ford), leased a small portion of its 200-acre Pico Rivera auto plant to Chaparral. Al-though the lease had a term of five years commencing February 1, 1981, it also provided that either party could terminate the lease at any time upon thirty days' written notice. Ford sold the property to Northrop in April 1982 and Northrop served a 30-day notice of termination against Chaparral on May 12, 1982. Chaparral, however, remained in possession, contending that the termination clause could not be exercised because, contrary to the apparent language of the clause, Ford and Chaparral had intended that it be exercised only if certain conditions arose. This dispute led to the filing of two separate actions:

On June 14, 1982, Northrop filed its complaint for unlawful detainer in the instant case (No. SEC39543). Northrop's unlawful detainer complaint requested (1) restitution of the premises; (2) unpaid rent of $2,751 for the period June 1 to June 12, 1982, at the contract rate of $6,878 per month; and (3) reasonable rental value, at approximately the contract rate, from June 12 until Chaparral terminated its occupancy.

Meanwhile, Chaparral filed a civil complaint against Ford and Northrop (No. C409518). Based on its theory that the termination clause in the lease could not properly be exercised, Chaparral alleged various causes of action including declaratory relief, reformation of contract, breach of contract, fraud, and injunctive relief. Northrop then filed a cross-complaint against Chaparral in No. C409518, for breach of contract, alleging consequential damages for Chaparral's breach of its obligation to surrender possession after notice of termination. Northrop claimed that as a result of Chaparral's breach, Northrop had been damaged in the amount of $500,000 by not being able to fully utilize its entire property and by incurring additional costs in providing services to its surrounding facilities.

The two cases were not consolidated but the unlawful detainer was trans-ferred to the central district and the cases were ordered to be tried back to back.

Contending that the termination clause was unambiguous, and that under the parol evidence rule Chaparral's extrinsic evidence would be inadmissi-

ble to vary its terms, Ford and Northrop in No. C409518, and Northrop in the unlawful detainer case, moved for judgment on the pleadings, or in the alternative for summary judgment, or in the alternative for summary adjudication of issues, on the question of contract interpretation. At the hearings on those motions, the trial court resolved that legal issue against Chaparral. The court granted summary judgment in favor of Ford and Northrop on Chaparral's complaint in No. C409518. As to No. C409518, therefore, the only matter left pending was Northrop's cross-complaint against Chaparral for money damages. That action lost its priority on the civil active list, and apparently is still pending for trial.

At the subsequent hearing of the motion for summary judgment in the instant case, Northrop requested the court to grant the summary judgment in unlawful detainer *only on the issue of possession,* and to reserve, to the trial of the related cross-complaint in No. C409518, any determination of Northrop's right to rent and reasonable rental value. Northrop wanted to regain possession as quickly as possible, and did not want the unlawful detainer judgment delayed by having to try the issues of rent and reasonable rental value. Northrop presented *no* evidence of rent and reasonable rental value, stating to the court that it was not seeking such damages on this motion, but was not waiving them, preferring to seek them instead in the trial of No. C409518. Northrop submitted to the court a proposed "judgment for possession" restoring possession to Northrop but containing the following clause: "This Court declines to determine any issues concerning the question of unpaid rent and/or damages in this Unlawful Detainer Action, specifically reserving the adjudication of such issues to a companion action designated *Chaparral Energy, Inc. v. Ford Motor Company, et al.,* Los Angeles Superior Court Case No. 409518 in which Northrop Corporation has specifically Cross-Complained against Chaparral Energy, Inc., to recover damages."

Chaparral objected to the proposed judgment, contending "Northrop now submits a judgment which purports to defer the issue of damages. In view of the 'one judgment rule,' it is manifestly clear that Northrop cannot both have its cake and eat it too in the manner it desires. It is required either to submit simply an order granting summary judgment on the possessory issues in this action, and await trial of the non-possessory issues, i.e., damages, before judgment is entered, or alternatively, waive any right to monetary damages as prayed for in its Complaint in order to obtain entry of a judgment on the possessory issues immediately."

The trial court entered a judgment in unlawful detainer which provided that "3. Plaintiff Northrop Corporation shall recover from defendant Chaparral Energy, Inc. possession of the premises . . . . [¶] 4. Plaintiff shall

take nothing by way of its Complaint on its claims for rent and other monetary damages; . . ."

## DISCUSSION

Northrop contends that it had the right to limit its unlawful detainer judgment to the issue of possession and to reserve to the pending related action the issues of rent and rental value damages. It contends the trial court erred by failing to include in the judgment the suggested language explicitly deferring determination of the damage issues, and that the court further erred by including the statement that plaintiff take nothing by way of rent or money damages. Northrop contends that such statement erroneously implied that the court determined the issues adversely to Northrop, and Northrop fears that Chaparral may attempt to raise this judgment as a bar to rent damages in the related case based on principles of res judicata or collateral estoppel. We agree and therefore we modify the judgment accordingly.

Unlawful detainer is a summary procedure designed principally to enable the landlord to gain speedy possession of the property. That is why the scope of such proceedings is strictly limited. (*Vella* v. *Hudgins* (1977) 20 Cal.3d 251, 255 [142 Cal.Rptr. 414, 572 P.2d 28]; *Vasey* v. *California Dance Co.* (1977) 70 Cal.App.3d 742, 748 [139 Cal.Rptr. 72].) "[D]amages and rent are incidental thereto and are recoverable only because the statute so provides." (*Vasey* v. *California Dance Co., supra.*) Thus, although Code of Civil Procedure section 1174, subdivision (b), authorizes rental damages in unlawful detainer, nothing in the statutes *requires* the landlord to litigate his rental claims in the unlawful detainer rather than a separate civil proceeding, as authorized by Civil Code section 1951.2. To *require* the landlord to litigate rental damages in unlawful detainer could delay and frustrate the primary purpose of the proceeding, the obtaining of possession. (See *Vella* v. *Hudgins, supra,* 20 Cal.3d at p. 258.)

Civil Code section 1952, subdivision (b), and Code of Civil Procedure section 1174.5 explicitly recognize the propriety of obtaining possession by unlawful detainer and leaving monetary damages to subsequent litigation.[1] Civil Code section 1952.3 contains procedures for converting an

---

[1]Civil Code section 1952, subdivision (b), provides: "Unless the lessor amends the complaint as provided in paragraph (1) of subdivision (a) of Section 1952.3 to state a claim for damages not recoverable in the unlawful detainer proceeding, the bringing of an action under the provisions of Chapter 4 (commencing with Section 1159) of Title 3 of Part 3 of the Code of Civil Procedure does not affect the lessor's right to bring a separate action for relief under Sections 1951.2, 1951.5, and 1951.8, but no damages shall be recovered in the subsequent action for any detriment for which a claim for damages was made and determined on the merits in the previous action."

Code of Civil Procedure section 1174.5 provides: "A judgment in unlawful detainer declaring the forfeiture of the lease or agreement under which real property is held shall not relieve the lessee from liability pursuant to Section 1951.2 of the Civil Code."

unlawful detainer to "an ordinary civil action" after the possession issue becomes moot by surrender, but preserves the landlord's option to pursue a separate action. Here there was already a civil action pending between the parties involving related damage issues and it would have been appropriate to defer to that litigation the determination of rental damages.

The proposed judgment submitted by Northrop contained appropriate language to demonstrate the issues *not* being decided in the unlawful detainer judgment. (See *Stark* v. *Coker* (1942) 20 Cal.2d 839, 843 [129 P.2d 390].) The language adopted by the trial court instead erroneously implies that rental damages were adversely "determined on the merits" in the unlawful detainer action. (Civ. Code, § 1952, subd. (b).) The statement proposed by Northrop would spare Northrop the potential prejudice of having to litigate whether that issue was fully and fairly tried and determined on the merits in the unlawful detainer. (*Stark* v. *Coker, supra;* see *Vella* v. *Hudgins, supra,* 20 Cal.3d at pp. 256-258; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 179, pp. 3320-3321.)

The judgment is modified by striking paragraph 4 and inserting in lieu thereof the following paragraph 4: "This Court declines to determine any issues concerning the question of unpaid rent and/or damages in this Unlawful Detainer Action, specifically reserving the adjudication of such issues to a companion action designated *Chaparral Energy, Inc. v. Ford Motor Company, et al.,* Los Angeles Superior Court Case No. 409518 in which Northrop Corporation has specifically Cross-Complained against Chaparral Energy, Inc., to recover damages." As so modified, the judgment is affirmed.

Hastings, J., and Eagleson, J., concurred.