75 Cal.Rptr.2d 651 (1998)
64 Cal.App.4th 1149
Michael MOLEN et al., Plaintiffs and Appellants,
v.
Morton L. FRIEDMAN et al., Defendants and Respondents.
Morton L. FRIEDMAN et al., Plaintiffs and Respondents,
v.
Michael MOLEN et al., Defendants and Appellants.
Nos. C026761, C027026.
Court of Appeal, Third District.
June 15, 1998.
Rehearing Denied July 10, 1998.
Review Denied September 2, 1998.
Jim G. Price, Walnut Creek, for Plaintiffs and Appellants and for Defendants and Appellants.
Ordas, Timmons, Owen & Owen, Inc., Allan J. Owen, Sacramento, for Defendants and Respondents and for Plaintiffs and Respondents.
BLEASE, Acting Presiding Justice.
This case arises on consolidated appeals from a judgment in an action which collaterally attacks a default judgment [the collateral action] and from a new judgment in the action in which the default judgment was set aside [the default action].
The original default judgment awarded damages to respondents Morton and Marcy *652 Friedman (the Friedmans) for breach of a commercial lease. The collateral action attacked the default judgment on the ground, inter alia, the damages awarded exceed the relief demanded in the complaint. The matter was tried to the court on the pleadings in the collateral action. In the collateral action the trial court set aside the default judgment and directed that, after a new hearing on damages, a new default judgment be entered in the default action.
Appellants, Michael and Drucilla Molen (the Molens), contend the trial court erred in directing entry of the new default judgment because the complaint in the original default action, measured by the well pleaded complaint doctrine, does not plead a cause of action for breach of a lease or a guarantee nor does it contain allegations required to sustain an award of damages for loss of future rent.
We will affirm the judgments on the ground the well pleaded complaint doctrine does not apply in an action collaterally attacking a default judgment and the complaint provided sufficient notice of the damages sought.

FACTS AND PROCEDURAL BACKGROUND
On March 15, 1994, the Friedmans filed the complaint in the default action. The complaint contains the following pertinent provisions.
"SAC-O-WINGS, doing business as HOOTERS, as tenant, and ... MICHAEL MOLEN, and DRUCILLA MOLEN, as guarantors ... entered into a written lease under date of August 9, 1993, to occupy the premises for a term of ten (10) years, terminating December 31, 2004."
"Defendants have failed and refused to pay the rent and said above-itemized services and costs, in violation of said lease, and there is now due and owing under the terms of said lease the sum of $23,795.34."
"In addition ... there will be additional sums owing for rent, and for specified charges and services under said lease, to the termination thereof, in the sum of $9,000.00 per month for each month under the terms of said lease for rent, [plus] any percentage rent if applicable."
The complaint prays for relief, in pertinent part, as follows.
"For unpaid rent, taxes and other specified charges due and owing, in the sum of $23,795.34;
"2. For rents and other specified charges due after January 1, 1994, to the termination of the lease, in the sum of $9,000.00 per month rent and continuing for said lease term."
The Molens failed to respond to the complaint. The Friedmans took their default and, on September 28, 1994, obtained a judgment against them awarding damages of $1,103,794.34 in the aggregate. The judgment also declares that the lease is terminated. The Molens moved under Code of Civil Procedure section 473 to set aside the default, which was denied. In December 1994 they appealed from the judgment of default and from the motion to set aside the default. The judgment and order were affirmed by this court in March 1996.
On July 2, 1996, the Molens filed the complaint in the collateral action. The complaint alleges, inter alia, the foregoing facts about the default action and that the complaint did not plead contract damages beyond the termination of the lease. It also alleges: (1) the second paragraph of the prayer for relief in the default action "prayed for damages in the amount of $9,000.00 per month from January 1, 1994, to termination of the lease, which was upon entry of judgment, on September 28, 1994, for a total of $72,000.00" and (2) that the judgment in the default action awarded aggregate damages in the amount of $1,192,092.12, exceeding the monetary relief prayed for and that judgment is void.
The collateral action eventually came on for trial. The Molens adduced various items from the record of the default action. The parties argued the matter in a long colloquy with the trial court. The court decided that it would set aside the prior judgment and "have another prove up hearing as to what, if anything, should be granted in favor of the [respondents] in thisthe underlying action and that will be the court order."
*653 The trial court then immediately conducted another prove up hearing in the default action and found the aggregate damages to be $925,673. It directed the Friedmans to prepare the judgment.
The Friedmans prepared a judgment in the default action providing for aggregate damages in the amount of $925,673 and a judgment in the collateral action which directed that the judgment in the default action be set aside and replaced by the specified new judgment in the default action, as follows.
"IT IS HEREBY ORDERED ADJUDGED AND DECREED that the judgment heretofore entered in [the default action] is set aside to be replaced by a new judgment entered nunc pro tunc to July 27, 1994, as set forth in the amended judgment entered in that action today in the total amount of $1,023,892.66...."
The Molens appeal from both judgments.

DISCUSSION
The Molens contend the trial court erred in rendering the judgments against them because the Friedmans' complaint in the default action does not plead a cause of action for breach of a lease or a guarantee nor does it contain essential allegations required to sustain an award of damages for loss of future rent.
They argue, in essence, that a default only admits the well pleaded allegations of the complaint and, where those allegations do not state a cause of action or contain all elements essential to support the demand for relief, the judgment is void as to such matters.
The argument fails. The well pleaded complaint doctrine does not apply to a collateral attack upon the complaint.[1]
The Molens' thesis is derived from the following passage in 6 Witkin, California Procedure:
"A defendant who fails to answer admits only facts that are well pleaded. (See 5 [Witkin] Cal. Proc. (4th), Pleading, § 981.) If the complaint fails to state a cause of action or the allegations do not support the demand for relief, the plaintiff is no more entitled to that relief by default judgment than if the defendant had expressly admitted all the allegations. Such a default judgment is erroneous, and will be reversed on appeal. (Williams v. Foss (1924) 69 C.A. 705, 707, 231 P. 766; Rose v. Lawton (1963) 215 C.A.2d 18, 20, 29 C.R. 844, quoting the text; Taliaferro v. Davis (1963) 216 C.A.2d 398, 409, 31 C.R. 164; Vasey v. California Dance Co. (1977) 70 C.A.3d 742, 749, 139 C.R. 72, citing the text [defendants who defaulted did not admit allegation that corporation was their alter ego, where complaint was insufficient in pleading elements to justify disregard of entity].)" (6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 160, p. 574.)
While this passage supports the Molens' argument, the next paragraph contains a caveat.
"However, it has been held that the judgment is not void if the court has jurisdiction of the parties and the subject matter, and the defective complaint is sufficient to apprise the defendant of the nature of the plaintiffs demand. (Trans-Pacific Trading Co. v. Patsy Frock & Romper Co. (1922) 189 C. 509, 513, 514, 209 P. 357; Thorson v. Western Dev. Corp. (1967) 251 C.A.2d 206, 215, 59 C.R. 299.)" (Witkin, supra, at pp. 574-575.)
Witkin does not explain the distinction between these lines of cases and it is not clear that there is one. A review of the lines of authority cited in Witkin discloses the following. Early California Supreme Court opinions establish the doctrine that:
"a judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether or not *654 the complaint states a cause of action so long as it apprises the defendant of the nature of the plaintiffs demand. (Blondeau v. Snyder, 95 Cal. 521, [31 Pac. 591]; Mayo v. Ah Loy, 32 Cal. 477, [91 Am. Dec. 595]; In re James, 99 Cal. 374, [37 Am. St. Rep. 60, 33 Pac. 1122]; Canadian etc. Co. v. Carlita [Clarita] etc. Co., 140 Cal. 672, [74 Pac. 301]; Brush v. Smith, 141 Cal. 466, [75 Pac. 55]; Crouch v. Miller, 169 Cal. 341, [146 Pac. 880]; Gillespie v. Fender, ante, p. 202, [180 Pac. 332]; California Casket Co. v. McGinn, 10 Cal.App. 5, [100 Pac. 1077, 1079].)" (Christerson v. French (1919) 180 Cal. 523, 525-526, 182 P. 27.)
In Christerson, between the entry of the default and the entry of the default judgment the defendant served and filed a demurrer. The trial court set aside the judgment in light of the demurrer. The Supreme Court reversed with directions to re-enter the judgment on the ground the complaint provided sufficient notice of the claim against the defendant. Christerson involved a direct attack upon the default judgment.[2] However, of the cases relied upon by Christerson, some involve a direct attack (Blondeau, Canadian, California Casket Co.) and some a collateral attack upon the default judgment (Mayo, In re James, Brush, Crouch).
In Williams v. Foss (1924) 69 Cal.App. 705, 231 P. 766, cited by Witkin, the defendant demurred to the complaint and when the demurrer was overruled declined to answer. The defendant appealed from the ensuing default judgment and the court reversed making the following observation.
"Since this was a judgment on default, after demurrer overruled, and rests on a complaint which fails to state a cause of action, such judgment must be reversed. The default admitted nothing more than was alleged in the complaint. Under such circumstances, the fact that before entering the judgment the court received some evidence does not put the case on the basis of an action tried upon complaint and answer, wherein, as sometimes happens, the court hears evidence relating to an essential fact which had been omitted from the complaint. Thus in Baker v. Miller, supra [190 Cal. 263, 212 P. 11], the supreme court affirmed the judgment because the case was actually tried upon the assumed issue of inadequacy of the consideration for the contract, although the complaint had failed to tender that issue. Here there was no trial, and the judgment lacks its necessary foundation, viz., a cause of action stated." (Williams, supra, 69 Cal.App. at pp. 707-708, 231 P. 766.)
The defendant in Williams, who made a timely appearance in the action, was manifestly entitled to contend that the trial court erred in overruling his demurrer. The demurrer was timely filed and if it had prevailed no default judgment would have been entered.
The statement in Williams that the default admitted nothing more than was alleged in the complaint was cited in the ensuing, unexceptional opinions in Buck v. Morrossis (1952) 114 Cal.App.2d 461, 250 P.2d 270 (finding complaint sufficient in any event), Taliaferro v. Taliaferro (1959) 171 Cal.App.2d 1, 339 P.2d 594 (plaintiffs appeal), and Taliaferro v. Davis (1963) 216 Cal.App.2d 398, 31 Cal.Rptr. 164 (plaintiff's appeal) and at some point passed into Witkin. (See Rose v. Lawton (1963) 215 Cal.App.2d 18, 20, 29 Cal.Rptr. 844.) Then in Rose v. Lawton, the court applied this statement as received truth to support the following reasoning in overturning a default judgment where the defaulting defendant had not made a timely appearance in the trial court.
"The complaint did not state a cause of action in specific performance because it did not allege that appellant had `received an adequate consideration for the contract' or that the contract was, as to her, `just and reasonable.' [Citations.]
"This being so, respondents were not entitled to a judgment for specific performance even though it was taken by default and even though some evidence was introduced at a hearing before the court held prior to the entry of judgment." (Ibid.)
*655 Rose fails to recognize the tension between this application of the statement and the Supreme Court opinions which hold that to support a default judgment the complaint need not state a cause of action so long as it apprises the defendant of the nature of the plaintiffs demand (See also, Trans-Pacific T. Co. v. Patsy F. & R. Co. (1922) 189 Cal. 509, 513-514, 209 P. 357). Vasey v. California Dance Co. (1977) 70 Cal.App.3d 742, 139 Cal.Rptr. 72, similarly applied the Witkin passage to overturn a default damages judgment on a complaint alleging liability on the basis of alter ego without consideration of these precedents.
"Respondent's complaint asserted a bare conclusory allegation that the individual and separate character of the corporation had ceased and that CDC was the alter ego of the individual defendants. Although by a default a defendant admits the allegations in the complaint, the defendant who fails to answer admits only facts which are well pleaded. (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 155, p. 2812.)" (Vasey, supra, at p. 749, 139 Cal.Rptr. 72.)
In this case we need not ascertain whether Rose or Vasey or similar default judgment cases were correctly decided nor ascertain the scope of review in such a case. (Compare, e.g., Jackson v. Bank of America (1986) 188 Cal.App.3d 375, 387-388, 233 Cal.Rptr. 162, with Ostling v. Loring (1994) 27 Cal. App.4th 1731, 1744 and 1746, fn. 9, 33 Cal. Rptr.2d 391.) They are cases in which the appeal presented a direct attack on the judgment. In this case both appeals are founded upon a collateral attack on the default judgment; the new judgment in the default action has as an essential predicate the judgment in the collateral action.
A collateral attack will lie only for a claim that the judgment is void on its face for lack of personal or subject matter jurisdiction or for the granting of relief which the court has no power to grant. (E.g., Armstrong v. Armstrong (1976) 15 Cal.3d 942, 950, 126 Cal.Rptr. 805, 544 P.2d 941; Becker v. S.P.V. Construction Co. (1980) 27 Cal.3d 489, 493, 165 Cal.Rptr. 825, 612 P.2d 915.) The lattermost category extends to a claim that a default judgment exceeds the amount demanded in the complaint. (Becker, at p. 493, 165 Cal.Rptr. 825, 612 P.2d 915.) However, a collateral attack will not lie for a claim that the judgment is not supported by substantial evidence (see, e.g., Estate of Kay (1947) 30 Cal.2d 215, 218-219, 181 P.2d 1; Estate of Buck (1994) 29 Cal.App.4th 1846, 1857, 35 Cal.Rptr.2d 442) nor for failure of the complaint to state a cause of action (see, Comment, Attacking a Default Judgment in California on the Grounds that the Complaint Failed to State a Cause of Action (1954) 1 U.C.L.A. Law Rev. 195, 196-197, and cases cited therein).
If the complaint in the default action is sufficient to apprise the Molens of the nature of the Friedmans' demand, it is immaterial that it might have been subject to a demurrer for failure to make an allegation necessary to state a cause of action or warrant damages for loss of future rent. The complaint in the default action was sufficient to apprise the Molens that the Friedmans demanded damages for losses occasioned by the breach of the lease and specifically, in pertinent part, $23,795.34 plus $9,000 per month for 129 months (from the date of the complaint, March 15, 1994, to December 31, 2004). The only claim available to the Molens is that the original judgment in the default action awarded an aggregate amount of such damages exceeding the amount ($1,184,795.34) specifically demanded in the complaint. However, as related, the aggregate damages awarded under the first default judgment were less than that amount.
The Molens were not entitled to relief in the collateral action. The judgment in the collateral action is an essential prerequisite of the new judgment in the default action. The judgment in the collateral action specifies the precise judgment to be entered in the default action. The Molens can only prevail if they succeed in reversing the judgment in the collateral action. The Friedmans have not appealed from either judgment; hence we have no warrant to correct an error on their behalf. The Molens have no grounds for complaint as to either judgment, since, as to them, any error is, of necessity, harmless. (See Cal. Const., art. *656 VI, § 13.) In light of these conclusions, none of the other points raised by the parties warrant discussion.

DISPOSITION
The judgments are affirmed.
SIMS, J., concurs.
DAVIS, Associate Justice, concurs.
The instant appeal of the newly entered default judgment is a direct attack on that judgment; not, as the majority contend, the equivalent of an appeal of the successful collateral attack on the first default judgment.
There are two separate appeals here. One is indeed from the judgment vacating the original default judgment. Independent of this successful collateral attack (which defendants prevailed on and thus have no basis for complaint) is the other appeal from the new default judgment entered after the previous one was vacated. There is nothing collateral about the latter appeal. It is a direct attack on the legality of the new default judgment.
I concur with the result reached by the majority because the issue of whether plaintiff failed to state a cause of action could have been, but was not, raised by defendants during their appeal of the original default judgment. Palpar, Inc. v. Thayer (1953) 115 Cal.App.2d 333, 338, 252 P.2d 51 is dispositive. There a complaint in intervention involving property interests in a tractor was the basis for a trial judgment that was reversed on appeal. Following retrial, a second appeal was taken and appellant argued cross-complainant was required to allege the "nature and extent" of the security at issue. The court held "[t]he case has been twice tried on this complaint in intervention, on the first appeal this technical objection to the pleading was not raised, and this court sent the case back for a retrial on the pleadings as framed.... We do not hesitate to hold that appellant's present attack on this allegation of the cross-complaint comes too late." (See also Nevarov v. Nevarov (1955) 133 Cal. App.2d 457, 460-461, 284 P.2d 17.)
NOTES
[1] The trial below was conducted solely upon the pleadings in the collateral action. The relief granted in the judgment in the collateral action was to set aside and replace the judgment in the default action. Accordingly, the sole issue before us is the propriety of the judgment in the collateral action. The Molens gain nothing from the purported appeal from the judgment in the default action.
[2] But see Estate of Keet (1940) 15 Cal.2d 328, 335-336, 100 P.2d 1045, which treats Christerson as a case of collateral attack.