Filed 12/29/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>KAUSHIK BANERJEE et al.,<br><br>        Defendants and Appellants. | H048731<br>(Santa Clara County<br>Super. Ct. No. CV307206) |

Plaintiff First American Title Insurance Company, Inc. (First American) obtained a default judgment against defendants Kaushik Banerjee and Arkesh Ventures, Inc. (collectively, defendants) in an action to enforce a commission agreement related to the sale of real property.  Defendants unsuccessfully moved to set aside the default judgment.

Defendants appeal from the order denying their motion to set aside the default; they have not directly appealed from the default judgment.  Defendants argue the trial court was incorrect to find that substituted service of the original summons and complaint was properly effected.  They also argue the judgment is void as to Banerjee because the complaint does not state a cause of action against him.  For the reasons stated here, we will affirm the order denying the motion to set aside the default judgment.

## I.    TRIAL COURT PROCEEDINGS

The original plaintiff in this case was Golden Properties, Inc. dba California Golden Properties (Golden Properties).  According to the complaint, Golden Properties acted as a real estate broker for a rental property owned by Arkesh Ventures, Inc.  The complaint describes defendant Banerjee as "the President of [Arkesh Ventures] [who]

had complete authority to enter into agreements" on behalf of the corporation. The complaint alleges "defendants, and each of them, were the agents, servants, employees, or alter egos of their co-defendants."

Golden Properties arranged for a tenant to lease the rental property in 2011 for five years. A commission agreement between Arkesh Ventures and Golden Properties required Arkesh Ventures to pay Golden Properties a commission if the tenant decided to buy the property. The commission would be three percent of the sales price.

The tenant exercised an option to renew the lease, and ultimately purchased the property from Arkesh Ventures in 2016 for $4,850,000. Golden Properties demanded that First American (as escrow holder for the sale) hold the three percent commission ($145,500) and an outstanding lease fee ($5,994.95). First American initially indicated it was holding the funds demanded by Golden Properties, but then did not pay Golden Properties. Arkesh Ventures and Banerjee refused to pay Golden Properties the commission. The complaint filed in March 2017 alleges a breach of contract cause of action against Arkesh Ventures and Banerjee, and a promissory estoppel cause of action against First American.

Golden Properties served the summons and complaint on Arkesh Ventures and Banerjee through substituted service. The process server described in a declaration of diligence that service was attempted at an address in Pleasanton on six occasions in March 2017. On the final attempt, someone at the Pleasanton address denied knowledge of Banerjee or Arkesh Ventures. According to the declaration, the process server then attempted service at a gated community address on Kingsmill Terrace in Dublin, California on seven occasions. Banerjee's name was listed on the directory, but there was no answer on the intercom and the process server was unable to gain access through the gate on those first seven attempts. On the eighth attempt at the Kingsmill Terrace address in April 2017, the process server served the documents by substituted service on a "co-resident" who indicated Banerjee was not home. (Capitalization omitted.) The

2

process server also mailed a copy of the documents addressed to Banerjee at that Kingsmill Terrace address.

Defaults were entered against Arkesh Ventures and Banerjee in June 2017 after they did not file a responsive pleading. First American cross-complained against Arkesh Ventures and Banerjee for indemnity and contribution in July 2017. A proof of service indicates Banerjee was personally served the summons and cross-complaint by a process server in September 2017.

Golden Properties settled its claims with First American and assigned its claims against Arkesh Ventures and Banerjee to First American. The trial court entered an order substituting First American as the sole plaintiff in the action in June 2019. First American requested entry of default judgment as to Arkesh Ventures and Banerjee in December 2019. The trial court entered default judgment against Arkesh Ventures and Banerjee in May 2020.

Defendants moved to set aside the default and default judgment in June 2020 on three grounds: (1) that the judgment against Banerjee was void for failure to state a cause of action against him; (2) that the judgment was void because service of the original summons and complaint was improper; and (3) that the default judgment should be set aside for mistake, inadvertence, surprise, or excusable neglect (Code Civ. Proc., § 473, subd. (b). Unspecified statutory references are to this Code.) Part of the evidence supporting the motion was a declaration from Banerjee stating he did not live at the Kingsmill Terrace address when the original summons and complaint was served by substituted service. As part of its opposition, First American attached a printout from the business search function on the California Secretary of State's website showing a mailing address for Arkesh Ventures that matches the Kingsmill Terrance address where substituted service occurred.

The trial court denied the motion by written order. The court found that defendants "were served by substitute service on 19 April 2017 at 6079 Kingsmill

3

Terrace in the City of Dublin." The order notes the "process server declares that she left the summons and complaint with an individual who identified himself as a co-resident of the property" and who stated that "defendant Banerjee was not home at the time. The process server also mailed a copy of the summons and complaint to the defendants at this address." The court denied discretionary relief under section 473, subdivision (b), finding defendants did not act diligently. The court found that Banerjee was personally served with the cross-complaint in 2017, two months after default had been entered on the complaint. Defendants nonetheless waited more than two years before moving to set aside the default in 2020 after the default judgment had been entered. Finally, the court found the judgment was not void as to Banerjee because the complaint contained an alter ego allegation.

## II. DISCUSSION

### A. SUBSTITUTED SERVICE WAS PROPERLY EFFECTED

Challenging substitute service of the original summons and complaint, defendants contend the default judgment is void for lack of personal jurisdiction over them. A party may move to set aside a void judgment under section 473, subdivision (d). "A default judgment is void if the trial court lacked jurisdiction over the parties." (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 830 (*Falahati*).) A default judgment entered against a defendant who was not served in the manner prescribed by statute is void. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444.) "Under section 473, subdivision (d), the court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service." (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544.) When, as here, the trial court considers disputed evidence related to whether service was proper, our review is for abuse of discretion. (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1440–1441.) Under that standard, we defer to factual findings on disputed evidence so long as those findings are supported by substantial evidence.

4

"If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served ... , a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house ... in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address ... who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."  (§ 415.20, subd. (b).)

The trial court found defendants had been served the original summons and complaint by substituted service.  That finding is supported by the process server's proof of service and declaration of diligence.  The process server first attempted to serve the documents at an address in Pleasanton on multiple occasions before being informed Banerjee did not live there.  Apparently at Golden Properties' suggestion, the process server then attempted service at the Kingsmill Terrace address.  The declaration of diligence notes the address is located in a gated community and that "the subject's name is listed on the directory."  (Capitalization omitted.)  The process server was unable to gain access through the gate on the first several dates when service was attempted.  On the final attempt, the process server delivered the documents to someone who identified himself as a co-resident and indicated Banerjee was not at home.  The person served was described on the proof of service as " 'John Doe' (refused to state name – 50 year old East Indian male, grey hair, 5'9", 170 pounds), co-resident."  (Capitalization omitted.) (See *Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 183 [because persons in "charge of businesses or residences often refuse to give their true legal names," "it is an accepted practice to name such a person as 'John Doe' or similar fictitious name, or by description."].)  The process server thereafter mailed the documents to Banerjee at the Kingsmill Terrace address.  The same Kingsmill Terrace address is listed as Arkesh Ventures' mailing address on a printout from the business search function on the

5

California Secretary of State's website, which was filed by First American in the trial court. The foregoing is substantial evidence to support the trial court's decision that substituted service was properly effected. We therefore find no abuse of discretion.

Defendants' appellate arguments merely reassert contentions considered and rejected by the trial court. For example, defendants argue "there is no evidence that Banerjee resided at any of the addresses where service was attempted." (Capitalization omitted.) To the contrary, the person who accepted service at the Kingsmill Terrace address identified himself as a co-resident of Banerjee. And Banerjee's name was on the directory for that address. By finding that substituted service was proper, the trial court credited the process server's sworn declaration over defendants' evidence. We do not reweigh the evidence on appeal. (*Kim v. TWA Construction, Inc.* (2022) 78 Cal.App.5th 808, 837.)

## B. THE DEFAULT JUDGMENT IS NOT VOID

Defendants argue the default judgment is void as to Banerjee because the complaint does not state a cause of action against him. A defendant who seeks to challenge a default judgment has "three potential avenues of relief: a direct appeal from the judgment, a motion to set aside the judgment and a collateral attack on the judgment." (*Falahati*, *supra*, 127 Cal.App.4th at p. 829–830.) Each avenue has its features, including limitations on the type of errors that can be addressed.

Defendants elected to challenge the default judgment by moving to set it aside as void under section 473, subdivision (d), which vests trial courts with authority to "set aside any void judgment." But a "trial court has no statutory power under section 473, subdivision (d) to set aside a judgment that is not void." (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495–496.) Longstanding Supreme Court precedent dictates that "a judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether or not the complaint states a cause of action so long as it apprises the defendant of the nature of the plaintiff's demand." (*Christerson v. French*

6

(1919) 180 Cal. 523, 525 (*Christerson*); *Trans-Pacific Trading Co. v. Patsy Frock & Romper Co.* (1922) 189 Cal. 509, 513–514; accord *Falahati*, at p. 830.)  It thus appears that entering a default judgment based on a complaint that apprises a defendant of the nature of the plaintiff's demand but does not adequately state a cause of action is an act in excess of jurisdiction that renders a judgment voidable rather than void.  "Errors which are merely in excess of jurisdiction should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final unless 'unusual circumstances were present which prevented an earlier and more appropriate attack.' " (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661.)

Having elected to focus solely on section 473, subdivision (d) on appeal,[1] defendants must demonstrate that the complaint did not apprise Banerjee of the nature of the plaintiff's demand.  (*Christerson*, *supra*, 180 Cal. at p. 525.)  We review this legal question de novo.  (See *Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 391.)  The complaint identifies Banerjee as the president of Arkesh Ventures with complete authority to enter into agreements on its behalf.  It alleges that "defendants, and each of them, were the agents, servants, employees, or alter egos of their co-defendants."  It further alleges that "Arkesh, by and through its agent Banerjee, agreed to pay Golden Properties compensation" under the commission agreement. (Capitalization omitted.)  And it alleges that the commission agreement was breached when Golden Properties was not paid.  From the foregoing, the complaint apprised Banerjee of the nature of Golden Properties' demand to enforce the commission agreement that Banerjee signed on behalf of Arkesh Ventures, and that Banerjee was being sued as an alter ego of Arkesh Ventures.  Defendants' argument that Banerjee was

---

[1]  Defendants also sought discretionary relief in the trial court under section 473, subdivision (b) in the trial court, but do not challenge that aspect of the trial court's decision on appeal.

7

not apprised of the nature of the complaint because he did not receive it is foreclosed by the finding that substituted service was properly effected, which we have already discussed. Because the complaint apprised Banerjee of the nature of the plaintiff's demand, the default judgment was not void and the trial court properly denied the motion to set aside the judgment.

We acknowledge that had defendants directly appealed from the default judgment they could have attacked the complaint as not stating a cause of action. (See, e.g., *Vasey v. California Dance Co.* (1977) 70 Cal.App.3d 742, 745 (*Vasey*); *Rose v. Lawton* (1963) 215 Cal.App.2d 18, 19; *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 282.) *Vasey* involved an appeal from default judgments entered against a corporation and two individuals. (*Vasey,* at p. 745.) The appellate court reversed the default judgment as to the individual defendants because the complaint did not state a cause of action against them. (*Id.* at pp. 749–750.) The court reasoned that "[a]lthough by a default a defendant admits the allegations in the complaint, the defendant who fails to answer admits only facts which are well pleaded." (*Id.* at p. 749.) As to the individual defendants, the complaint did not state a cause of action for alter ego liability because it did not plead evidence showing "such a unity of interest and ownership that the separate personalities of the corporation and the individuals do not exist, and that an inequity will result if the corporate entity is treated as the sole actor." (*Ibid.*) The *Vasey* court did not consider whether the default judgment was void.

*Vasey* and similar authorities arose as direct appeals from default judgments. By contrast here, defendants did not directly appeal from the default judgment. The notice of appeal identifies as the matter appealed the order denying the motion to set aside the

8

default. The notice of appeal would not have been timely as to the judgment itself, even under the time limit set by California Rules of Court, rule 8.108(c).[2]

Defendants contend *Christerson* and later cases applying it are distinguishable because they involved "collateral attacks on default judgments and not a direct appeal, such as here, from an order denying a motion to set aside a default." But there are different types of direct attacks, and different remedies available for them. Had defendants directly appealed from the *default judgment*, they would have been able to rely on the reasoning of *Vasey*. But because defendants failed to timely appeal from the default judgment, the reasoning of *Christerson* applies.[3] Our review is limited to whether the trial court erred in finding the default judgment was not void. As we have discussed, the default judgment was not void and we have found no error.

Defendants cite *Grappo v. McMills* (2017) 11 Cal.App.5th 996 (*Grappo*), where the majority affirmed an order setting aside a default judgment and suggested the judgment was void for failure to state a cause of action. (See *id.* at pp. 1009, fn. 4; 1012–1015.) But the dissent in that case cited *Christerson* and noted that a "default judgment cannot be attacked *collaterally* on the ground the complaint fails to state a cause of action, and is valid as long as the complaint is 'sufficient to apprise [the defendant] of the

---

[2] Rule 8.108(c) tolls the time to appeal if a motion to vacate is filed "until the earliest of" three dates: 30 days after the trial court serves an order denying a motion to vacate; 90 days after the first motion to vacate is filed; or 180 days after the judgment. In this case, the judgment was entered May 11, 2020, defendants moved to vacate the judgment on June 9, 2020, the trial court denied the motion to vacate on November 24, 2020, and defendants filed a notice of appeal on December 18, 2020. The earliest of those dates is 90 days after the motion to vacate was filed, or September 8, 2020. The December 2020 notice of appeal was therefore filed 101 days after the deadline to challenge the judgment.

[3] The same reasoning distinguishes the Supreme Court cases defendants cite in their reply brief, which all involved direct appeals from judgments and did not consider whether the judgments at issue in those cases were void. (E.g., *Lynn v. Knob Hill Improvement Co.* (1917) 177 Cal. 56, 58.)

9

nature of the [plaintiff's] demand.' " (*Grappo*, at p. 1023 (dis. opn. of Stewart, J.).) We are not bound by *Grappo*, and respectfully disagree with the majority to the extent it suggests the rule of *Christerson* does not apply in this procedural context.

### III. DISPOSITION

The order denying the motion to set aside the default and default judgment is affirmed. As the prevailing party, First American Title Insurance Company, Inc. is entitled to its costs on appeal by operation of California Rules of Court, rule 8.278(a)(1).

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

**H048731 -** *First American Title Insurance Company v. Banerjee et al.*

| Trial Court: | Santa Clara County Superior Court<br>Superior Court Case No. CV307206 |
|---|---|
| Trial Judge: | Hon. Socrates Peter Manoukian |
| Counsel for Plaintiff and Respondent First American Title Insurance Company | Jeffrey Lowenthal<br>Jill K. Cohoe<br>  Steyer, Lowenthal, Bookrookas, Alvarez & Smith, LLP |
| Counsel for Defendants and Appellants Kaushik Banerjee, Arkesh Ventures, Inc. | Paul A. Frassetto<br>  Frassetto Law Offices |

a

**H048731 - *First American Title Insurance Company v. Banerjee et al.***