Filed 6/24/26  Trendy Textiles v. Harkham CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TRENDY TEXTILES, INC., | B340769 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC430652) |
| v. | |
| DAVID HARKHAM, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Elaine Lu, Judge.  Affirmed.

Christie Gaumer for Defendant and Appellant.

Zee Law Group, Tappan Zee and Kimberly Barrientos for Plaintiff and Respondent.

_____

Defendant and appellant David Harkham challenges the denial of his motion to vacate a renewal of judgment pursuant to Code of Civil Procedure section 683.170, subdivision (a).[1]  In 2010, plaintiff and respondent Trendy Textiles, Inc. filed suit against Harkham and an entity defendant, contending they failed to pay for custom textiles.[2]  The trial court entered a default judgment after Harkham filed an answer but failed to pay the related filing fees.  In 2018, Trendy Textiles renewed the judgment.  In 2023, Harkham moved to vacate the renewal of the judgment.  The trial court denied the motion.  Harkham now appeals.

We conclude Harkham has forfeited his newly asserted defenses to an action on the judgment, which he failed to raise in his motion to vacate.  He also has not established that the trial court erred in rejecting his attempt to assert contract defenses relevant to the underlying complaint as a defense to an action on the judgment.  We affirm the trial court order.

**FACTUAL AND PROCEDURAL BACKGROUND**

In January 2010, Trendy Textiles filed a complaint against The Robeworks, Inc. and Harkham (the defendants).[3]  The complaint alleged causes of action for breach of contract and money due.  It asserted that in September 2008, the defendants "entered into an agreement with Plaintiff for the payment upon custom textiles ordered by Defendants.  The terms of such agreement include Defendants' 'personal guarantee to [] Trendy

---

[1]     Undesignated references are to the Code of Civil Procedure.

[2]     The entity defendant is not a party to this appeal.

[3]     The complaint alleged that The Robeworks, Inc. also does business as Robeworks and Robeworks International.

2

Textiles for the outstanding balance of $59,025.14 . . . that The Robe Works owes to Trendy Textiles, Inc.' " The complaint further alleged that in October 2008, defendants breached the agreement by failing to pay the remaining balance of $29,025.14, despite Trendy Textiles performing its obligations, except those which the defendants "prevented."

In May 2010, Harkham filed an answer. In July 2010, the clerk voided his answer for failure to pay required fees pursuant to section 411.20, subdivision (b), within 20 days of the Clerk's Notice of Filing Fees Due. In December 2010, the court entered a default judgment in the amount of $36,700.49 in favor of Trendy Textiles.

In October 2018, Trendy Textiles filed an application for renewal of judgment. The clerk issued a notice of renewal of judgment in November 2018, which extended the enforceability of the original judgment for 10 years from the date that Trendy Textiles filed the application.

In November 2023, Harkham filed a motion to vacate the renewal of judgment pursuant to section 683.170. Harkham argued he had "a complete defense to the action for two reasons, namely because (1) plaintiff never delivered the goods, and (2) Mr. Harkham was not a party to the original obligation even had plaintiff delivered the goods."[4]

_____

[4] Harkham's notice of motion also stated: "Additionally, Mr. Harkham was not served with the application for renewal of judgment nor the Notice of Entry of Judgment." He asserted that the application was served at the wrong address, and the court's Notice of Renewal of Judgment was only served on his counsel. However, Harkham did not claim that improper service of either

3

In June 2024, the trial court denied Harkham's motion, concluding he failed to show he had a "defense to an action on the judgment," as required under section 683.170. The court reasoned that because Harkham was in default, he had admitted all well-pled allegations in the complaint. The complaint alleged that each of the defendants had entered into the agreement with Trendy Textiles and had personally guaranteed the outstanding balance. The complaint also alleged that defendants breached that agreement by failing to pay as promised, despite Trendy Textiles performing all of its obligations, except to the extent prevented by defendants. Thus, the court reasoned that Harkham's asserted defenses failed because the complaint's allegations to the contrary were presumed true.

The trial court also took judicial notice of one of its own records titled: "Plaintiff's Summary of Case Pursuant to California Rule of Court 388 [*sic*] In Support of Plaintiff's Request for Entry of Clerk's Judgment filed on December 30, 2010." According to the trial court, that document established that Harkham signed a "personal guarantee" in favor of Trendy Textiles, stating: "I hereby confirm my personal guarantee . . . for the outstanding balance of $59,025.14 . . . ."[5] On this basis, the court concluded that Harkham was responsible for the amount due even if he was not a direct party to the agreement.

On July 8, 2024, Harkham filed a motion for reconsideration. The motion did not purport to present new or

---

document was a basis for the court to vacate the renewal of judgment.

[5] This document is not in the record on appeal. Harkham did not include it in his appellant's appendix.

different facts, circumstances, or law that would justify the court reconsidering its prior order. Instead, the motion contended the trial court should vacate the renewal of judgment because his failure to pay the filing fee for his answer was due to excusable neglect. The motion further asserted the judgment was procured by extrinsic fraud and the amount of the judgment was excessive because damages from plaintiff's breach of the underlying agreement would have offset all or part of the original judgment.

On August 22, 2024, Harkham appealed from the trial court's June 2024 order denying his motion to vacate.

In February 2025, the trial court denied Harkham's motion for reconsideration, finding that it lacked jurisdiction under section 916 due to the pending appeal. The trial court ruled in the alternative that Harkham's arguments were not based on new law, circumstances, or facts, as required to warrant reconsideration under section 1008.

## DISCUSSION

### I. Harkham Has Not Established That the Trial Court Abused Its Discretion in Denying His Motion to Vacate the Renewal of Judgment

#### A. Applicable legal principles and standard of review

A monetary judgment is generally enforceable for 10 years. However, "a judgment creditor has two distinct methods by which to continue to pursue collection of a judgment as it nears expiration of the 10-year period of enforceability: the renewal of judgment provisions set forth in section 683.110 et seq. [for an additional 10-year period], or an independent action on the judgment. Although the two methods are distinct, the defenses available to the judgment debtor in the statutory procedure are

5

the same as in an independent action on the judgment." (*Goldman v. Simpson* (2008) 160 Cal.App.4th 255, 260–261 (*Goldman*); *Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 200–201 (*Fidelity Creditor Service*).) Accordingly, if a judgment is renewed pursuant to section 683.110, the judgment debtor may move to vacate it pursuant to section 683.170, subdivision (a), "on any ground that would be a defense to an action on the judgment . . . ."

The statutory "[r]enewal of a judgment is a ministerial act performed by a court clerk upon receipt of an application for renewal." (*Fidelity Creditor Service, supra*, 89 Cal.App.4th at p. 198.) " '[R]enewal does not create a new judgment or modify the present judgment.  Renewal merely extends the enforceability of the judgment.' [Citation.]  The renewed judgment 'has no independent existence' from the original judgment." (*Goldman, supra*, 160 Cal.App.4th at p. 262, fn. omitted.)  Thus, "[a] successful motion under section 683.170 does not affect the validity of the default or the default judgment.  [Citation.]  A successful motion under section 683.170 vacates only the renewal of the judgment thereby precluding its extended enforceability under section 683.120." (*Fidelity Creditor Service*, at pp. 203–204.)

In the trial court, "[t]he judgment debtor bears the burden of proving, by a preponderance of the evidence, that he or she is entitled to relief under section 683.170.  [Citations.]  On appeal, we examine the evidence in a light most favorable to the order under review and the trial court's ruling for an abuse of discretion." (*Fidelity Creditor Service, supra*, 89 Cal.App.4th at p. 199.)  We review questions of law de novo.  (*Vines v. O'Reilly Auto Enterprises, LLC* (2024) 101 Cal.App.5th 693, 706.)

### B. Harkham's defenses not timely raised in his motion to vacate the renewal of judgment are forfeited

On appeal, Harkham asserts two new defenses not included in his motion to vacate the renewal of judgment: his inability to pay the filing fee for his answer due to "excusable neglect" and Trendy Textiles's "extrinsic fraud." Harkham concedes that he did not raise these defenses in his motion to vacate. However, he contends they are not forfeited because he asserted them in his motion for reconsideration. In a supplemental letter brief, Harkham explains that he raised these new arguments in response to the trial court's denial of the motion, which he asserts was based on a "new rationale" the parties had not briefed.[6]

We acknowledge that although Trendy Textiles's opposition to the motion to vacate the renewed judgment argued that Harkham "fail[ed] to point to any defects which would render the judgment void therefore the Court is without statutory power under the circumstances to vacate judgment," it did not expressly articulate the reasoning the trial court later employed, namely that Harkham failed to assert a defense to an action on the judgment, as required under section 683.170. However, with respect to forfeiture, the fundamental problem Harkham faces is that the trial court's ruling directly addressed and rejected the

---

[6] We invited the parties to file supplemental letter briefs pursuant to Government Code section 68081 on the issue of whether we had jurisdiction to consider what appeared to be Harkham's appeal from the denial of his motion for reconsideration. Harkham's response clarified that he is not appealing from that order but only discussed the motion and denial as part of his contention that he preserved these new arguments for purposes of appeal.

7

two contract-based arguments in his motion. It found the allegations of the complaint, which were admitted as true due to his default, contradicted the asserted contractual defenses. As discussed below, Harkham's asserted contractual defenses did not collaterally attack the judgment and therefore did not provide a basis to grant his motion. Once the trial court made its ruling and explained the law it was bound to follow, Harkham *then* sought to raise new arguments, entirely unconnected to the original motion, based on facts he had not presented to the trial court. In other words, Harkham sought to litigate a new, different motion.[7] We thus disagree that Harkham preserved his excusable neglect and extrinsic fraud arguments. Raising new defenses at the hearing at which he suffered a defeat on the original motion was too late.

Filing a motion for reconsideration did not solve the problem. Harkham filed his notice of appeal in August 2024, well before the trial court rejected the motion for reconsideration. As the trial court correctly noted, once the notice of appeal was filed, the court no longer had jurisdiction to consider the merits of the

---

[7] Harkham contended in a settled statement that at the hearing on the motion to vacate the renewed judgment, he asked that the motion be " 'considered as a CCP 473 motion and requested that be briefed. The court denied the request. Plaintiffs' counsel orally argued to counter the opposition, but the points were not considered in its ruling.' " The trial court did not certify this part of the settled statement, indicating that while this might have occurred, the court could no longer recollect any such alleged exchange. Even assuming the exchange occurred, however, Harkham does not argue the trial court abused its discretion in denying the request for further briefing on what would have been a new and different motion.

8

motion for reconsideration.  (*Jack v. Ring LLC* (2023) 91 Cal.App.5th 1186, 1211.)  The notice of appeal foreclosed any trial court ruling on the substance of the motion for reconsideration that would provide a basis for appellate review of the arguments in the motion.

Further, section 1008, subdivision (a), allows for a motion for reconsideration "*based upon new or different facts, circumstances, or law* . . . .  The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."  (Italics added.)  Harkham's motion for reconsideration did not advance new or different facts, circumstances, or law. Filing a motion for reconsideration that simply made additional arguments that could have been included in the motion to vacate was insufficient to timely raise those arguments in the trial court.  (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 46–47 [court may not reconsider a previous order absent party's showing of diligence and that it could not have presented the different law earlier].)  Thus, filing the reconsideration motion did not preserve the arguments for appellate review.

Harkham did not assert the defenses of excusable neglect and extrinsic fraud in his motion to vacate the renewal of judgment.  He cannot raise the defenses for the first time on appeal, having failed to timely assert them in the trial court. " 'As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal; appealing parties must adhere to the theory (or theories) on which their cases were tried. This rule is based on fairness—it would be unfair, both to the

9

trial court and the opposing litigants, to permit a change of theory on appeal . . . .' [Citation.]" (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997; see also *Brandwein v. Butler* (2013) 218 Cal.App.4th 1485, 1519.) This rule of fairness applies here. Trendy Textiles did not have the opportunity to address these arguments in its opposition to Harkham's motion to vacate the renewal of judgment.

Additionally, Harkham's excusable neglect and extrinsic fraud defenses do not concern pure issues of law based on undisputed facts. (See *C9 Ventures v. SVC-West, L.P.* (2012) 202 Cal.App.4th 1483, 1492 [even if forfeited, an appellate court may consider a new argument based on "pure issue of law on undisputed facts"].) Harkham's excusable neglect defense is based on his asserted inability to pay a filing fee. His extrinsic fraud defense rests on his assertion that the judgment was excessive due to Trendy Textiles's untimely delivery of the robes and the "rejection of the delivery." Both defenses raise factual questions involving facts not in the record.

Harkham's new defenses, not raised in the motion to vacate the renewal of judgment, are forfeited.

C.    **Harkham has not established that the trial court abused its discretion in denying his motion to vacate the renewal of the judgment**

Harkham's motion to vacate the renewal of judgment pursuant to section 683.170, subdivision (a), asserted two defenses. Harkham contended he had a "complete defense to the action because he was not a party to the underlying obligation," and "defendants deny that the robes were delivered timely, so there was no obligation to pay for the robes." Harkham's opening brief on appeal does not argue that the trial court erred by

10

rejecting these asserted defenses. Instead, the brief's analysis is confined to a discussion of the defenses of excusable neglect and extrinsic fraud, addressed above.

Harkham's reply brief asserts for the first time that the trial court erred in rejecting the two defenses he raised in the motion to vacate. This was too late. "An appellant may not put off to its reply brief the presentation of a legal argument supporting a claim of error asserted in its opening brief, for to do so would unfairly deprive the respondent of the ability to rebut the argument." (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070.) We therefore generally do not consider arguments raised for the first time in a reply brief. (*Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685; *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)

Even if we were to consider Harkham's arguments in the reply, we would conclude the trial court did not abuse its discretion. The trial court found that Harkham's default, and the resulting admission of the complaint's allegations, nullified the defenses Harkham sought to raise. (*Vasey v. California Dance Co.* (1977) 70 Cal.App.3d 742, 749 (*Vasey*) ["by a default a defendant admits the allegations in the complaint" that are "well pleaded"].)

Harkham contends that when pursuing a motion to vacate the renewal of judgment, a party in default should not be presumed to admit the well-pleaded allegations of the complaint. This is incorrect. "Section 683.170 . . . addresses renewed judgments. It allows a judgment debtor to oppose a renewed judgment by establishing a defense to an action on the judgment. [Citations.] A successful motion under section 683.170 does not

11

affect the validity of the default or the default judgment." (*Fidelity Creditor Service*, *supra*, 89 Cal.App.4th at p. 203.)

The defenses Harkham asserted in his motion to vacate the renewal of judgment are defenses to the underlying complaint's contract claim, not "defense[s] to an action on the judgment." (§ 683.170.) As the *Goldman* court explained, "[i]n an independent action on a judgment, the debtor may challenge the judgment 'in accordance with the rules and principles governing collateral attack' [citations], including 'lack of personal or subject matter jurisdiction . . . . Nonjurisdictional errors, however, are not appropriate procedural targets within this context.' (*Armstrong v. Armstrong* (1976) 15 Cal.3d 942, 950.) Such a *collateral attack* challenges the jurisdiction of the court to enter the *original* judgment." (*Goldman*, *supra*, 160 Cal.App.4th at pp. 261–262.) Generally, "errors of substantive law, such as insufficiency of the evidence and failure to state a cause of action, are nonjurisdictional errors that provide no basis for a collateral attack on a final judgment." (*Backlund v. Stone* (2025) 115 Cal.App.5th 580, 596.)

Harkham's arguments in the motion to vacate concern the substantive merits of the complaint. They do not constitute a collateral attack on the judgment.[8] The trial court did not abuse

---

[8]     At oral argument, Harkham asserted that under *In re Marriage of Thompson* (1996) 41 Cal.App.4th 1049 (*Thompson*), he could assert contractual defenses in his motion to vacate the renewal of judgment. *Thompson* is inapposite. In that case, the trial court vacated a renewal of judgment after finding that a father who had been ordered to pay child support had already paid the amount that the assignee of the child support arrears, the County of Stanislaus, had told him he still owed on the

its discretion in rejecting Harkham's defenses as a basis to vacate the renewal of the judgment.

Harkham's reliance on *Fidelity Creditor Service* is misplaced. In that case, the parties agreed that the defendant was not served with the original summons and complaint and first learned of the lawsuit after default judgment was entered. (*Fidelity Creditor Service*, *supra*, 89 Cal.App.4th at pp. 198–199.) The original judgment was thus invalid for lack of service. (*Id*. at p. 207.) The appellate court found that the trial court should have granted the defendant's motion to vacate the renewal of judgment because "the Supreme Court has held, under circumstances indistinguishable from the present case, that the failure to have served the summons and complaint is a defense to an action on a judgment." (*Id*. at p. 202.) Since "the undisputed failure to have served process is a defense to a separate action on a judgment . . . the undisputed failure to have served the

judgment. Therefore, the County was prevented from further collecting on the judgment under principles of equitable estoppel and accord and satisfaction. (*Id*. at p. 1054.) On appeal, the issue was whether there was sufficient evidence to support that finding. The Court of Appeal observed that, pursuant to statute, a court "may vacate renewal of the judgment on any ground that would be a defense to an action on the judgment. (§ 683.170, subd. (a).) *That the judgment was satisfied by an accord and satisfaction is such a defense.* (See § 724.010, subd. (a) . . . .)" (*Id*. at p. 1058, italics added, citations omitted.) The reviewing court then reversed, finding insufficient evidence that the parties "reached an accord and satisfaction" of the judgment. (*Id*. at p. 1059.) Thus, *Thompson* did not concern whether the defendant was initially liable under a contract, but whether a judgment that was being renewed had already been satisfied. *Thompson* provides no support for Harkham's arguments.

13

summons and complaint also provides a basis for a motion to vacate a renewed judgment. (§ 683.170, subd. (a).)" (*Ibid*.) Here, in contrast, Harkham's asserted contractual defenses did not collaterally attack the judgment based on the lack of jurisdiction.

Harkham also cites *Vasey*, *supra*, 70 Cal.App.3d 742, for the proposition that allegations deemed admitted for purposes of a default judgment do not validate "acts in excess of jurisdiction." The *Vasey* court considered a motion to set aside the default judgment. The defendant contended, and the appellate court agreed, that the trial court acted in excess of its jurisdiction when it awarded damages in an unlawful detainer action that were unrelated to the unlawful detention at issue. (*Id*. at p. 748.) Here, the contract defenses Harkham asserted as a basis for vacating the renewal of judgment do not call into question the trial court's jurisdiction to enter the original default judgment.

Harkham further contends that a "guarantor has the same defenses available to the principal obligator . . . namely that Respondent could not show its performance as required to prove the cause of action for breach of contract." As we understand it, this argument, too, seeks to assert a defense to Trendy Textiles's contract claim and is not a collateral attack on the judgment.

To the extent this argument also concerns the trial court's determination that Harkham could be held liable for breach of the parties' contract because he signed a document personally guaranteeing the money due, we note that Harkham did not include in the appellate record the document on which the trial court relied. The absence of the document prevents us from evaluating the trial court's ruling interpreting that document. " ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be

14

affirmed." ' [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Finally, Harkham's reply brief also appears to challenge the validity of the default judgment on the ground that the clerk's act of striking the answer was improper and insufficient to justify default under section 585, subdivision (a). He further contends that since an answer was on file, no court could deem him to have admitted the allegations in the complaint. However, not only has he asserted these arguments for the first time on appeal in his reply brief, he did not raise them in any form in the trial court. Respondent had no opportunity to respond, either in the trial court, or on appeal. For the reasons explained above, these arguments are forfeited and we decline to consider them.

## DISPOSITION

The order denying Harkham's motion to vacate the renewal of the judgment is affirmed. Trendy Textiles is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EGERTON, Acting P. J.

KARNOW, J.*

---

\*     Retired Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16